The Harry L. Davis Company v. Commissioner.
Harry L. Davis Co. v. Commissioner
Docket No. 81944.
United States Tax Court
T.C. Memo 1961-209; 1961 Tax Ct. Memo LEXIS 142; 20 T.C.M. (CCH) 1043; T.C.M. (RIA) 61209; July 14, 1961
*142 Petitioner, a closely-held corporate insurance agency, paid the widow of its deceased president $50 a week from the time of his death in 1950 through the end of 1957 and deducted the amounts on its tax returns. In December 1956, after a revenue agent made inquiries about the payments, the board of directors held a special meeting at which it authorized the payments for the year 1956 and thereafter. Petitioner deducted the amounts on its 1956 return as officer's salary and excluded the amount from its gross commissions on its 1957 income tax return. Held, petitioner failed to establish the payments in 1956 and 1957 were deductible business expenses, either as compensation earned by the widow or as compensation in the nature of salary continuation for past services rendered by her husband. Joseph D. Sullivan, Esq., for the petitioner. William C. Kollas, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency of $780 in petitioner's income tax for each of the years 1956 and 1957. The issue is whether petitioner is entitled to deduct payments of $50 a week throughout the years 1956 and 1957 to the widow of petitioner's founder and former president. *144 Findings of Fact Some of the facts were stipulated and they are hereby included by this reference. The Harry L. Davis Company, hereinafter called petitioner, is an Ohio corporation with its principal office in Cleveland, Ohio. Petitioner filed its corporate income tax returns for the years 1956 and 1957 with the district director of internal revenue for the eighteenth district of Ohio at Cleveland, Ohio. Petitioner is an insurance agency which was founded by Harry L. Davis and Richard Harburger in 1929. In its general insurance agency business the petitioner acts as agent or broker in various lines of insurance and surety bonds. Petitioner's business is predominantly in fire and casualty insurance. In 1946 the petitioner acquired its stock held by Harburger, leaving Harry L. Davis as petitioner's sole stockholder except for one share owned by Lucy Davis, his wife. In 1948, Harry L. Davis, Jr. and Fred Pabody each acquired one-twelfth of the corporation's stock, or five shares each. In May 1950 Harry L. Davis died and his stock in petitioner passed to his widow, Lucy Davis, and she thereby owned five-sixths of the petitioner's stock (50 shares). Harry L. Davis was a former *145 Governor of the State of Ohio and he served three terms as Mayor of Cleveland, Ohio. He was the moving force behind petitioner from its founding in 1929 until his death in May 1950 at the age of 70, and he was responsible for substantially all of the petitioner's business. He was president and a director of petitioner, and he worked full time for the corporation. The average salary paid by petitioner to Harry L. Davis for a number of years prior to his death was $12,000 a year. Harry L. Davis, Jr. became an employee of petitioner in 1949 and at the time of trial he was president of the petitioner. Immediately after the death of Harry L. Davis, the petitioner commenced payments to his widow, Lucy Davis, in the amount of $50 a week. During the years 1950 through 1955 the petitioner paid to Lucy Davis the amount of $1,600 in 1950, and the amount of $2,600 in each of the years 1951 through 1955. These amounts paid to Lucy Davis were identified as gratuities on the petitioner's income tax returns for said years, and petitioner took a deduction for these payments in each of said years. During the years 1956 and 1957 petitioner continued the $50 weekly payments, for a total of $2,600 *146 in each year. The 1956 payments were deducted on the petitioner's 1956 income tax returns as officer's salary paid to Lucy Davis, and the 1957 payments were identified on petitioner's books as commissions paid, and they were netted against petitioner's commissions received for that year. The total payments made by petitioner to Lucy Davis in the years 1950 through 1957 were in the amount of $19,850. She included these payments in her gross income in the income tax returns filed by her for those years. Petitioner had no established pension plan for its employees, nor was petitioner under a contract liability to make the payments to Lucy Davis. After a revenue agent made inquiries about these payments the petitioner's board of directors held a special meeting on December 14, 1956 and the minutes of the meeting are, in part, as follows: Mr. Davis also called attention to an important segment of the company's business. In past years since the death of Harry L. Davis (Senior), Mrs. Lucy V. Davis, his widow, has been paid Fifty Dollars ($50.00) a week as a portion of the commissions received from various insurance accounts. These accounts, both corporate and personal, were developed *147 originally by the efforts of Harry L. Davis, and, because of the highly personal nature of an insurance agency's business, have been, and are now, continued and held by The Harry L. Davis Company principally through the influence and contacts of the Harry L. Davis family and especially Mrs. Lucy V. Davis. In the past these partial commission payments have been referred to in error as a gratuity. A list of the insurance accounts which are important because of the relationship expressed above are on file in the company offices. In view of the above, a motion was made by Frederick J. Pabody and seconded by Harry L. Davis (Junior), that Mrs. Lucy V. Davis be paid an amount of Fifty Dollars ($50.00) per week for the year 1956 and thereafter as long as these accounts are a part of the business of The Harry L. Davis Company. Petitioner in its corporate income tax returns for 1956 and 1957 showed a total income (substantially all of it from commissions) of $39,376.57 and $41,797.39, respectively. Petitioner reported a net profit for 1956 and 1957 in the amount of $1,278.28 and $1,500.94, respectively. Respondent disallowed the deduction of $2,600 paid by petitioner to Lucy Davis in 1956, *148 with the explanation that it was unallowable either as compensation or as a widow's pension. Respondent also disallowed the deduction by petitioner of $2,600 in 1957, with the explanation that this amount did not constitute commissions paid, and, in the alternative, that it was not deductible as a widow's pension. Opinion The question here is whether the payments made to Lucy Davis in 1956 and 1957 are deductible under section 162(a), Internal Revenue Code of 1954, which provides, in part: There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - (1) a reasonable allowance for salaries or other compensation for personal services actually rendered. We experience some difficulty in stating petitioner's position with respect to the payments to Lucy being business expenses. In its income tax return for 1956 it characterized the payment to Lucy that year as officer's salary. The 1957 payment to Lucy does not appear on the face of the income tax return. However, petitioner's income was from commissions and its books show the gross commissions returned *149 for 1957 were the gross commissions received, reduced by the amount of the payments to Lucy. Respondent disallowed the deductions as business expenses in the nature of officer's salary or commissions and stated the payments were not allowable deductions as widow's pension. In the petition it is alleged: (e) The payments made by petitioner to Lucy Davis, if not properly characterized as compensation earned by her, are at the very minimum reasonable payments made to a widow of a deceased employee for a limited period of time as compensation for past services rendered by the deceased employee. Petitioner makes no attempt to justify the payments as officer's salary or commissions earned. Lucy was never an officer and she earned no commissions. Petitioner's entire argument on brief is that the payments in question for 1956 and 1957 are to be considered with the payments to Lucy for prior years back to 1950 "as a unified transaction" amounting to a salary continuation for a limited period to the widow of a deceased officer within the rule of decisions of this and other courts and the Commissioner's regulations. Payments to the widows of deceased officers and employees for a reasonable *150 period of time, have, when proper relationship to the business is shown, been allowed as ordinary and necessary business expenses. Fifth Avenue Coach Lines, Inc., 31 T.C. 1080, and cases cited. The Commissioner's regulations have long provided for the deductions of such salary continuation payments for a reasonable or limited period of time after the employee's death, when the necessary relationship to the conduct of the employee's business is shown. [1]
*151 The record shows petitioner took deductions for the payments to Lucy for all prior years (when the payments were characterized as gratuities); that in December 1956 respondent challenged the deductions for the 1953, 1954 and 1955 payments; and that the dispute was disposed of by the allowance of deductions for the 1953 and 1954 payments and the disallowance of the deduction for the 1955 payments. Petitioner's evidence was designed to establish the payments were started in 1950 in recognition of past services rendered by Harry L. Davis and the terminal date of a reasonable or limited period, after the employee's death, had not been reached by the close of the year 1957. If it be thought the payments in prior years, characterized as gratuities, were really salary continuation payments to a widow, the evidence fails to establish the 1956 and 1957 payments, characterized as compensation earned, were a continuation of such payments. Petitioner had the burden to establish the character of the 1956 and 1957 payments. The only bit of evidence to prove the payments during those years were wage continuation payments is the testimony of petitioner's only active director. His testimony is *152 not supported by any corporate records and is directly contrary to petitioner's characterization of the payments in 1956 and 1957 on the corporate books and income tax returns. The settlement involving the disallowance of the 1955 payments as salary continuation payments, coupled with the characterization of the later payments as compensation earned, is some evidence the corporation never intended the 1956 and 1957 amounts as salary continuation payments to a widow for services rendered by her husband and that the corporation realized the terminal date for salary continuation payments for a limited period of time had been reached prior to 1956. It will not do for petitioner's only active director to say, as he does here, that he was inexperienced and he relied upon an inexperienced accountant who erroneously characterized the payments as compensation earned. This director was advised in December of 1956 by the revenue agent about deductions for salary continuation payments to a widow. We feel the failure to characterize the payments for 1956 and 1957, as salary continuation payments to the widow, was not due to error, as petitioner contends. The rule that salary continuation payments *153 for a limited period will, when proper relationship to the business is shown, be allowed as business expenses, is not a rule to fall back on when the stated reason for the payments cannot be established. We hold, on the record presented, petitioner failed to establish the payments in question were business expenses either on the ground that they constituted compensation earned by Lucy Davis or compensation in the nature of salary continuation for past services rendered by Harry L. Davis. Decision will be entered for the respondent. Footnotes
1. Regs. 118, Sec. 39.23(a)-9, provide, in part: When the amount of the salary of an officer or employee is paid for a limited period after his death to his widow or heirs, in recognition of the services rendered by the individual, such payments may be deducted. * * * Sec. 1.404(a)-12, Income Tax Regs., provides, in part: Similarly, if amounts are paid as a death benefit to the beneficiaries of an employee (for example, by continuing his salary for a reasonable period), and if such amounts meet the requirements of section 162 or 212, such amounts are deductible under section 404(a)(5) in any case when they are not deductible under the other paragraphs of section 404(a). * * * In McLaughlin Gormley King Co., 11 T.C. 569↩, we said such regulations as above had existed since the Revenue Act of 1918 and they were "a recognition on the part of the Commissioner of the very general custom of business to make such payments for a reasonable time when death occurred to a faithful officer or employee. * * *